---

(Knox County Common Pleas, 1901.)
IN RE EXCEPTIONS TO THE ACCOUNT OF ROBERT MILLER, AD'R OF JAMES MORRISON, DEC'D.

---

After an administrator has been removed and his successor appointed and qualified, the probate court has no jurisdiction to compel the former administrator to file an account.

---

WICKHAM, J.

In March. 1844, James Morrison died testate owning property in the county of Knox, in Canada and in Ireland. In his will he nominated Marcus W. Stamp executor of his property in America, and two others, Perrie and Heyn, in Ireland.

In October, 1844, Stamp qualified, and continued, without completing, the administration of that estate until his death in 1852, when Robert Miller was appointed administrator de bonis non with the will annexed and he continued the administration until 1862, when he filed what purported to be a final account of his administration. Nothing further appears to

have been done in conection with the estate until about the year 1900, when suit was brought by Letitia S. Ogelvie and others, beneficiaries under the will of James Morrison, to set aside certain contracts and transactions between Miller, Administrator, and Perrie and Heyn, Administrators in Ireland, and to compel Miller to account for certain assets of the Morrison estate involved in those transactions.

This cause was tried in the Common Pleas court of this county and afterward appealed to the circuit, where, in March, 1895, certain of the transactions were declared null and void and were set aside and Miller was ordered to account.

A part of the decre of the circuit court was: "And it is further ordered by the court that this case be cited to the probate court of Knox county, Ohio, with orders to carry the decree of this court into effect and to take the above account as therein ordered."

Instead of pursuing the order of the circuit court the legatees under the Morrison will on the 8th of May, 1895, filed in the probate court of Knox county, Ohio, a motion to require Miller, Administrator, to give a new bond on the ground that all the sureties on his original bond were dead.

Pursuant to this motion the probate court made an order requiring a new bond to be given by Miller. He, failing to comply with this order, was, by order of the probate court, on the 6th day of June, 1895, removed from his office as administrator, and on the same day Dwight E. Sapp was appointed and qualified as his successor.

On the 7th day of August, 1895, a motion was filed in the probate court by Sapp for a citation requiring Miller to file his account of the administration of said estate. On this motion a citation was issued and served on Miller.

On October 26, 1895, Miller answered this citation giving reasons for not being answerable to that court, insisting in substance that he was accountable only to the then acting administrator of the Morrison estate, and that the probate court by reason of his removal had no jurisdiction over him or his account.

The probate court overruled these objections, and ordered Miller to file his account; and Miller not complying with this order, proceedings in contempt were instituted against him to which he answered.

In his answer in the contempt proceedings he insisted that the probate court had no jurisdiction over him or his account. The probate court held against Miller and a writ of attachment was ordered to issue against him. Under these circumstances on December 11, 1895,

he filed an account of his administration of the Morrison estate in the probate court of this county.

Exceptions were filed to this account and the matter referred to Davis F. Ewing as a special master commissioner, who reported to the probate court, to which report exceptions were taken and heard, and the report of the commissioner was set aside and the cause heard before the probate court resulting in the finding of about $2,800 against Miller. An appeal was taken from this judgment by the executors, and now the cause is before this court for hearing on a motion filed by Robert Miller to dismiss the cause for the reason that neither this court nor the probate court has jurisdiction either of the person or the subject matter of this suit.

The question for determination by this court at the present time is whether a probate court, after an administrator has been removed and his successor appointed and qualified, has jurisdiction to compel the administrator removed to file an account of his administration.

I think that among the reported cases in Ohio, none can be found where this question has been decided. In Woerner's American Law of Administration. Vol. 1, p. 589, the author says, "After the removal of an administrator the court has jurisdiction to settle his accounts as though he were still an officer," and cites the case of Slagel v. Entrekin, 44 O. S. 637, in support of the proposition. If the author meant that the court had authority to compel an administrator removed to file an account, the proposition is not supported by the authority cited; in that case the executors had filed their acounts, to which exceptions had been filed, before their resignation was tendered and accepted. In the second paragraph of the syllabus, the court held, "By accepting the resignation of an administrator, pending the settlement of his accounts, the probate court does not thereby lose its jurisdiction over his person, or the settlement of his accounts, and may proceed to hear and determine exceptions thereto, and ascertain the amount due from him to the estate in like manner as if he had continued in the execution of his trust; and the amount so found due will in the absence of fraud and collusion, be conclusive, not only upon him but upon his sureties in an action upon the administration bond, unless an appeal has been taken, or the judgment ha s been reversed upon a proceeding in error." The holding that the court does not lose its jurisdiction is founded, I presume, on the principle that where the court acquires jurisdiction of an action it retains jurisdiction until it renders a final judgment in the case.

Bolles v. Stockman, 42 O. S. 445.

In the case of Raab's estate, 16 O. S. 274, in the opinion page 283-4, the court says, "By a fair coustruction of the statutes before referred to, a majority of the court hold that the spirit and purpose of their provisions are, *to give the probate court jurisdiction of the subject matter submitted to it by the account and exceptions thereto,* and that the probate judge was both empowered and required to determine the questions thereby submitted, or to require their determination in one of the methods authorized by ltw." I am aware that we sometimes make a mistake in attaching too much importance to the particluar language of a court's opinion, but it seems to me that the plain inference to be drawn from the language of the case cited is that, jurisdiction to hear and determine an administrator's account, and exceptions thereto, is acquired by the court on the filing of the account; and on the authority of Slagel v. Entrekin supra, that jurisdiction is not lost by the subsequent removal of the administrator.

If jurisdiction of the subject matter of the proceeding is acquired on the filing of the account, the court had none prior thereto; nor has the court authority to compel an administrator removed to file an account. When he is removed and a successor has been appointed and qualified, he ceases to be an officer in the administration of the estate. He is liable to his successor for the unadministered assets of the estate remaining in his hands, and with his sureties may be sued on his official bond under Section 6020, Revised Statutes. The object of that section is to give a remedy against an administrator "who has resigned, been removed, or whose letters have been revoked, or authority extinguished," that does not exist against one who has not been deprived of his office.

The case of a guardian rests on different statutory provisions; and the authorities which hold that the probate court has jurisdiction to compel the filing of their accounts after their trusts have expired by removal, are, for that reason, not applicable. (43 O. S. 86; 38 O. S. 430.)

The motion is sustained with costs.

A. R. McIntire, for Miller.

J. B. Waight, contra.